IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50258
Summary Calendar
_____


LONNIE D. CLARK; ET AL.,

                              Plaintiffs,

        KARLA ROLEN CLARK,

                              Plaintiff-Appellant,

                versus

        DEPARTMENT OF THE ARMY; U.S. ARMY
    ENGINEER DISTRICT; FORT WORTH MID-BRAZOS
     PROJECT; LOUIS A. BRUNETT, Reservoir
     Manager; UNKNOWN GOVERNMENT AGENTS,

                              Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-20
- - - - - - - - - -
November 27, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Karla Rolen Clark appeals from the district court's grant of

summary judgment in favor of the defendants in her civil rights

complaint brought pursuant to 42 U.S.C. § 1985(3).  She argues that

the above-named defendants-appellees conspired to deprive her of

her due process and equal protection rights by threatening to

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

revoke her boathouse permit. She also argues that the Army Corp of Engineers' regulations governing boathouse permits violates the Americans with Disabilities Act (ADA). Finally, Clark asserts that the district court erred by denying her motion to have an independent arbitrator appointed to settle the dispute over the permit.

We have reviewed the record and the briefs of the parties, and we find no reversible error. Clark's due process, equal protection, and ADA claims are without merit. See Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). Additionally, Clark has failed to show that the district court erred by denying her request for the appointment of an arbitrator. See United Steel Workers of Am. v. Am. Mfg. Co., 363 U.S. 574, 582 (1960). The district court's judgment is AFFIRMED.